**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greater US Services Incorporated, et al., | No. CV-25-01412-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Mary J Gower Revocable Trust Dated November 18, 1999, et al., | |
| Defendants. | |

The Court has considered the Motion to Dismiss filed by Defendant Trustee of the Mary J. Gower Revocable Trust Dated November 18, 1999 (Doc. 39), Plaintiff Scott Kissner's opposition brief (Doc. 41), and the Reply brief (Doc. 43).[1] Neither party requests oral argument. The Court finds that the issues are suitable for determination on the briefs. *See* LRCiv 7.2(f).

## I.

The parties are familiar with the facts and an extensive explanation of the events giving rise to this case is unnecessary. In short, the Complaint alleges that Plaintiff performed clerical and administrative services to Defendant the Mary J. Gower Revocable Trust Dated November 18, 1999 (the "Trust"), helping to arrange the sale of real property. The parties had an agreement whereby Plaintiff would be compensated, but the Trust

---

[1] The Court does not consider Plaintiff's sur-reply (Doc. 45), as sur-replies are not permitted without the Court's leave, and Plaintiff did not seek or obtain such leave before filing the sur-reply. *See Bond v. Comm'r of Soc. Sec. Admin.*, No. CV-19-04933-PHX-JAT, 2020 WL 2615970, at *1 n.1 (D. Ariz. May 20, 2020) ("Surreplies are not permitted in the District of Arizona without the court's approval.").

refused to pay the amount due.

## II.

Federal courts are courts of limited jurisdiction. The party invoking the federal court's subject matter jurisdiction has the burden of establishing the propriety of exercising that jurisdiction. *W. States Trucking Ass'n v. Schoorl*, 377 F. Supp. 3d 1056, 1064 (E.D. Cal. 2019). When a defendant argues that the claims in the complaint, even if true, cannot establish subject matter jurisdiction, the challenge is a facial one. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Court observes that, for the purposes of a motion to dismiss, the well-pleaded allegations of the complaint must be taken as true. *Witzke v. Idaho State Bar*, 643 F. Supp. 3d 1093, 1109 (D. Idaho 2022). Additionally, the Court will construe the Complaint liberally, as Plaintiff is an unrepresented party. *See Rupert v. Bond*, 68 F. Supp. 3d 1142, 1153 (N.D. Cal. 2014).

## III.

## A.

Plaintiff attempts to invoke this Court's subject matter jurisdiction by asserting federal question jurisdiction under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). (Doc. 1 at 6 ¶¶ 12-15.) *See* 28 U.S.C. § 1331 (federal question jurisdiction).

The FLSA establishes a federal minimum wage and other wage and hour laws. The Complaint does not assert a claim for relief under the FLSA, despite there being a private right of action for wage and hour violations. *See* 29 U.S.C. § 216(b). Although Plaintiff references the FLSA in the Complaint (*see, e.g.*, Doc. 1 at 1; *id.* at 6 ¶¶ 13-15), mere reference to a federal statute is insufficient to invoke this Court's federal question jurisdiction. *See Emrit v. Horus Music Video Distrib.*, Civ. No. 20-00007 JMS-RT, 2020 WL 1822597, at *2 (D. Haw. Apr. 10, 2020) ("[A]lthough the Complaint suggests that this action arises under federal copyright law, it explicitly asserts only state-law claims . . . . Merely referencing federal copyright law is insufficient to establish federal question jurisdiction." (quotation marks omitted)); *Yadav-Ranjan v. Quality Loan Serv. Corp.*, No. 16-cv-07344-BLF, 2016 WL 7475619, at *2 (N.D. Cal. Dec. 29, 2016) ("[M]ere reference

- 2 -

of federal statutes is insufficient to support a federal question jurisdiction."); *Pelloni v. WE: Women's Ent. Network*, No. CV 08-05612-GPS (AGRx), 2008 WL 4501845, at *4 (C.D. Cal. Oct. 5, 2008) ("The mere factual allegation that Defendants violated RICO is not enough to raise a federal question unless ruling on Defendants['] claims requires a determination of whether there was such a violation. . . . Simply mentioning a federal statute in a complaint is not enough to create federal question jurisdiction."). To the extent Plaintiff invokes the FLSA as an alternative basis for determining that Defendants have breached the relevant contract or committed fraud, this also cannot create federal question jurisdiction. *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim."). The Court's jurisdiction cannot be based on the FLSA. All the Complaint's claims for relief—breach of contract variants and fraud—arise under Arizona common law. By seeking to cure the deficiencies in the Complaint by asserting a claim under the FLSA, Plaintiff concedes that the Complaint has not pled such a claim. (*See* Doc. 22 at 3-4; Doc. 22-1 at 40-44 (proposed new FLSA claim).) The Court therefore finds that federal question jurisdiction does not exist.

Nor can Plaintiff amend the Complaint to assert a claim under the FLSA. The FLSA applies to employees, not independent contractors. *Murray v. Playmaker Servs., LLC*, 512 F. Supp. 2d 1273, 1276 (S.D. Fla. 2007). In the Complaint, Plaintiff alleges that his relationship with Defendants was governed by an independent contractor agreement. (Doc. 1 at 7 ¶ 17 ("Scott W. Kissner, Independent Contractor . . . provided Independent Contractor Services . . . .").) Also, the alleged (unexecuted) agreement between the parties, attached to the Complaint as Exhibit A, identifies Plaintiff as a "contractor" rather than an employee. (Doc. 1-1 at 2-3.) Although the question of whether Plaintiff was an employee for purposes of the FLSA is not jurisdictional, *see Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 972-75 (9th Cir. 2019), the Court may nevertheless deny Plaintiff leave to

amend his failure to properly assert the FLSA if amendment would be futile, as it would be here, for the reasons explained below. *See* Section IV, *infra*.

**B.**

In the absence of a federal claim, federal courts still have subject matter jurisdiction when complete diversity exists between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The Complaint does not raise diversity jurisdiction as a basis for subject matter jurisdiction. Defendant raises this issue in its Motion, so the Court will address it briefly.

The Ninth Circuit has summarized a plaintiff's obligation to plead all the elements of diversity jurisdiction in the complaint:

> The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction. When a plaintiff originally files in federal court, as [Plaintiff] did here, the amount in controversy is determined from the face of the pleadings. Therefore, the essential elements of diversity jurisdiction must be affirmatively alleged in the pleadings.

*Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016) (citation modified).

The Court agrees with Defendant that the Complaint fails to satisfy the amount-in-controversy requirement for diversity jurisdiction. The Complaint alleges that Plaintiff's damages are "at least $10,537.50." (Doc. 1 at 5 ¶ 4, 17 ¶ 25, 20 ¶ 39, 21 ¶ 51, 22 ¶ 56; *see also* Doc. 1-3 at 67, 1-4 at 1-2 (claiming in Arizona Industrial Commission unpaid wage claim that total amount owed is $10,537.50); Doc. 1-4 at 77 (lien claim for $10,537.50).) This is well below the threshold. Even if this amount were trebled as unpaid wages under A.R.S. § 25-355(a) (although Plaintiff does not assert such a claim in the Complaint), $31,612.50 would still fail to satisfy the minimum amount. Any facts that could support an amount beyond that number not pleaded in the Complaint. Speculative damages amounts are not entitled to any weight. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (per curiam) ("Conclusory allegations as to the amount in controversy are insufficient."). That the Complaint alleges that Plaintiff's damages are "at least $10,537.50" therefore does not suffice. *Id*. at 1091 ("The complaint seeks 'in excess'

of $10,000 . . . but how much 'in excess' is not explained."). Finally, the Complaint's prayer for punitive damages does not satisfy the amount-in-controversy requirement because it, too, is based on speculation. *See Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069-70 (D. Ariz. 2004).

For these reasons, the Court finds that the Complaint fails to plead the existence of diversity jurisdiction.

**IV.**

"Under 28 U.S.C. § 1653, [courts] have the authority to grant leave to amend a complaint in order to cure defective allegations of jurisdiction." *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1177 (9th Cir. 2025) (citation omitted). "If it is at all possible to determine from the record that jurisdiction does in fact exist, the interest in avoiding the needless expenditure of judicial resources weighs in favor of amendment." *Id.* (citation modified). But subject matter jurisdiction must nevertheless "exist as of the time the action is commenced." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). And § 1653 "provides a remedy for defective *allegations* only; it does not provide a remedy for defective jurisdiction itself." *Id.* at 1380 n.3 (quotation marks omitted); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) (declining to reject the "longstanding interpretation" of § 1653 that it allows courts "to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts"). "If jurisdiction [is] lacking," even an order granting leave to amend the complaint is a nullity. *Morongo Band of Mission Indians*, 858 F.2d at 1381.

The Court in its discretion will permit Plaintiff to amend his complaint on a limited basis. *See PHI Aviation LLC v. Precision Heli-Support LLC*, No. CV-24-03448-PHX-MTL, 2025 WL 224152, at *2 (D. Ariz. Jan. 17, 2025) ("While . . . a defective allegation of jurisdiction can be amended in certain instances . . . leave to amend is discretionary."). Plaintiff may not amend his complaint to assert a FLSA claim because, as the Court explained, Plaintiff alleged in the Complaint that his contractual relationship was that of an independent contractor. In the proposed amended pleading filed with Plaintiff's motion

for leave to amend, he sometimes alleges that his relationship was not that of an independent contractor (Doc. 22-1 at 18-20), but Plaintiff is not permitted to "contradict[] any of the allegations of his original complaint"; rather, "the amended complaint may only allege other facts consistent with the challenged pleading," *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990) (quotation marks omitted).[2] Because Plaintiff could not amend the Complaint to allege, contrary to his original complaint, that he was not subject to an independent contractor agreement, he cannot amend the Complaint to assert a FLSA claim to cure his failure to plead federal question jurisdiction. *Cf. Williams v. Lew*, 819 F.3d 466, 471 (D.C. Cir. 2016) (denying request to amend under § 1653 because amendment would be futile due to the failure to plausibly allege standing). He also cannot substitute other federal causes of action to cure this defect. *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985) ("[T]he plaintiffs' motion to amend seeks not to remedy technically inadequate jurisdictional allegations, but rather to substitute new causes of action over which there would be jurisdiction. Because § 1653 is limited to curing technical defects only, the plaintiffs' motion to amend under that section must be denied."); *Sundby v. Landau*, No. 2:24-CV-05790-MCS-BFM, 2024 WL 3588528, at *1 (C.D. Cal. July 29, 2024) ("Plaintiffs' pleading of a new federal claim under RICO . . . does not suffice to confer federal-question jurisdiction over the action as originally filed—that is, a complaint without any federal claims."); *see also Schubarth v. Federal Republic of Germany*, No. 14-cv-2140 (CRC), 2021 WL 7889662, at *9 (D.D.C. Jan. 25, 2021) (rejecting plaintiff's attempt to "make new substantive allegations" that would "establish jurisdiction over [the defendant] under a new theory that was neither explicitly nor implicitly mentioned in the original complaint").

The Court will give Plaintiff an opportunity to plead diversity jurisdiction if he can plausibly do so. *See Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 477 F. Supp. 615, 619 (S.D.N.Y. 1979) (permitting a plaintiff leave to amend the complaint to

---

[2] The Court notes that allegations in the proposed amended complaint are themselves contradictory. The proposed amended complaint continues to allege that Plaintiff "provided Independent Contractor Services" (*see* Doc. 22-1 at 12), but then alleges that Plaintiff was properly considered an hourly employee (*see id.* at 18-20).

"allege different bases of subject matter jurisdiction . . . if it is shown that jurisdiction exists"). The Court is skeptical that Plaintiff will be able to allege sufficient damages to meet the amount-in-controversy requirement for diversity jurisdiction without contradicting the factual allegations in and exhibits attached to the Complaint. But because of the interests favoring amendment if "jurisdiction does in fact exist," the Court will give Plaintiff the ability to allege diversity jurisdiction (if it in fact exists). *Rosenwald*, 152 F.4th at 1177 (citation omitted). Plaintiff is reminded that any amended pleading is subject to Rule 11. *See* Fed. R. Civ. P. 11(b).

In light of the Court's conclusion that it lacks subject matter jurisdiction at this time and the Court's uncertainty that Plaintiff can plausibly allege diversity jurisdiction, all pending motions will be denied as moot. If the amended complaint plausibly alleges diversity jurisdiction, the parties may renew motions that they deem appropriate once the Court assures itself of its jurisdiction.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Doc. 39) is **GRANTED**. The Complaint (Doc. 1) is dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint within **14 days** of this Order. If Plaintiff fails to file a timely amended complaint, the Clerk of Court must dismiss this case without prejudice and enter judgment accordingly without further notice.

**IT IS FINALLY ORDERED** that all other pending motions are denied as moot.

Dated this 6th day of May, 2026.

Michael T. Liburdi
United States District Judge